Tukley, J.
delivered the opinion of the court.
The prisoner was convicted in the county of Claiborne, of the crime of perjury. Upon appeal in error to this court, it appears that the bill of indictment charges, that there was a suit pending in Chancery between the prisoner and one George R. Stublefield, in which the prisoner was defendant, and to which he filed his answer; that this answer was produced before the *48 Clerk and Master of the Chancery Court, and “that the prisoner was sworn, and took his corporal oath upon the holy gospel of God concerning the truth of the matters contained in said answer,” and that being so sworn as aforesaid, falsely, corruptly, knowingly and maliciously, in and by his answer in writing, did depose and swear, &c.
Upon the trial it appeared, from the production of the record in the chancery case, that prisoner filed his answer before the Clerk and Master, to which is appended an affidavit in the words and figures following, viz:
“State of Tennessee, Claiborne County. Personally appeared Pleasant Williams, and made oath in due form of law, that the matters and things stated in the foregoing answer of his own knowledge are true, and those stated of the information of others he believes to be true.”
It is well settled, that in a bill of indictment for perjury, the swearing must be charged as it occurred, or it will not be sustained by the proof, and the prosecution must fail; and great strictness is required in this. Therefore, it has been held, that if the bill of indictment charge, that the prisoner swore upon the holy evangelist, and the proof show that he appealed to God with an uplifted hand, the variance is fatal; so if the charge be, that he deposed directly and positively to a fact, and the proof be, that he deposed with a qualification or reservation, or upon his belief as informed by pthers, the variation is also fatal.
In the case under consideration, the charge is, that he was sworn, and took his corporal oath upon the holy gospel of God, concerning the truth of the matters contained in the answer. The proof is, that he swore that the matters and things there contained as set forth of his own knowledge are true, those set forth on the information of others, he believes to be true. This is a total variance from the swearing as charged. Indeed we do not well comprehend what is meant by a charge, “that the prisoner took his corporal oath concerning the truth of the answer”; if it had been “to the truth of the matters contained in the answer” it would have contained a direct charge of swearing, but “concerning the truth” is no charge *49 that he swore “to the truth,” &c. For this defect in the bill of indictment, the judgment of the Circuit Court is reversed.
Judgment arrested.